UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>David Peterson</u>

     v.                                  Civil No. 21-cv-606-JL
                                        Opinion No. 2021 DNH 188

<u>Town of Dalton, Jessie R. Wentworth,</u>
<u>Jo Beth Dudley, Carol Sheltry, and</u>
<u>Tamela Swan</u>

**<u>MEMORANDUM ORDER</u>**

This motion to dismiss concerns the scope of the Tax Injunction Act, which limits federal district courts' jurisdiction over cases pertaining to state and local taxes, in an effort to lessen federal court interference in such local concerns. The plaintiff David Peterson resides on a property located in Dalton, New Hampshire. In November 2020, the Select Board of the Town of Dalton notified Peterson that he owed over $8,000 in unpaid property taxes and interest. Peterson responded with requests for proof that he was subject to the property tax, to which he did not receive a response. Months later, in May 2021, the Office of the Tax Collector mailed Peterson a notice stating that, if he did not pay his outstanding taxes, fees, and interest by June 24, 2021, the Tax Collector would deed his property to Dalton.

In July 2021, Peterson, acting pro se, filed a 42 U.S.C. § 1983 lawsuit against five defendants—the Town of Dalton; Jessie Wentworth, the Town Clerk and Tax Collector; Jo Beth Dudley, the Chairperson of Dalton's Select Board; and Carol Sheltry and Tamela Swan, two members of Dalton's Select Board—claiming that their attempts to collect taxes on his property located in Dalton violate his constitutional rights. Specifically, Peterson asserts two Fifth Amendment claims concerning violations of his due process rights and his right to property, and

a Seventh Amendment claim concerning a violation of his right to a trial by jury "in all civil matters exceeding [20] dollars."

The defendants move to dismiss all of Peterson's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for failure to state a claim for which relief may be granted, under Rule 12(b)(6). The court's analysis begins and ends with the threshold question of subject matter jurisdiction. After reviewing the parties' submissions, the court finds that the TIA strips it of jurisdiction over Peterson's suit. The court therefore grants the defendants' motion to dismiss the case and does not proceed to consider the defendants' alternative arguments under Rule 12(b)(6).[1]

---

[1] The court scheduled a hearing on this motion to take place via videoconference on November 19, 2021. The court mailed the hearing notice and the clerk's office's contact information to the plaintiff, who does not receive CM/ECF notifications electronically. In a letter addressed to the clerk's office and dated November 9, 2021, the plaintiff confirmed that he received the hearing notice and, citing technological limitations, requested an in-person proceeding on November 19. See doc. no. 10. On the day of the hearing, the plaintiff arrived at the courthouse and notified the court that he was unable or unwilling to comply with court rules for in-person hearings amid the COVID-19 pandemic. That same day, the undersigned judge spoke with the plaintiff in the courthouse lobby and offered to conduct the hearing over the court's videoconferencing platform. The court then scheduled the remote hearing for December 14 and issued an order reminding the plaintiff that, "[i]f the plaintiff will not comply with the court rules for an in-person hearing, and will not participate in a video hearing, the court will rule on the motion based on the docketed filings." The court mailed the hearing notice, with the time and date of the hearing and the link to the court's videoconferencing platform, to the plaintiff on December 2. On December 13 at 3:03 PM, the plaintiff filed a motion to continue the next day's hearing, asserting that "[c]ourt staff has not provided plaintiff with information necessary to conduct a video hearing" and that "internet access and other technologies" that the plaintiff needed in order to participate were no longer available to him at the scheduled time. Doc. no. 17 at ¶ 2. If the plaintiff had questions about the remote hearing, he could have contacted the court, as he did prior to the November 19 hearing. The court did not receive any communications from the plaintiff regarding the December 14 hearing. After the plaintiff failed to appear for oral argument on two separate occasions, the court concludes that the best course of action is to decide the motion on the papers. The motion to continue (doc. no. 17) is denied.

**I.      Applicable legal standard**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . ."  United States v. Coloian, 480 F.3d 47, 50 (1st Cir.2007) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  "Without jurisdiction the court cannot proceed at all in any cause[;] . . . [thus,] when [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (internal quotation omitted).

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the party invoking the jurisdiction of a federal court," Peterson, "carries the burden of proving its existence."  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation omitted).  In evaluating the motion, the court draws the facts from the complaint, "credit[ing] the plaintiff's well-pled factual allegations and draw[ing] all reasonable inferences in the plaintiff's favor."  Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).  In doing so, the "court may also 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.'"  Id. (quoting Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996)).

**II.     Background**

The court draws the relevant factual background from Peterson's complaint and from information contained in the exhibits and affidavits attached to his complaint.  Peterson has property located at 75 Harriman Road in Dalton, New Hampshire.  In a letter dated November 20, 2020, the Select Board of Dalton notified Peterson that he owed roughly $8,000 in property

taxes and interest.[2]  In the letter, the Board directed Peterson to put a payment plan in place by December 15, or the Board would take his property by Tax Collector's Deed.

A few weeks later, Peterson sent a letter to the Board stating that he "intend[ed] to pay all lawful taxes in full," but he first required proof that his property was subject to the tax.[3]  He requested, in part, "proof that [he] [is] a 'Person' of the State of New Hampshire" and "evidence that a municipality has a right to tax a man's private property."[4]  In affidavits attached to this letter, Peterson asserts that "the Town of Dalton[] . . . possess[es] no authority or rights, whatsoever, over [him], or [his] [p]rivate [p]roperty[,]" and that Peterson "never knowingly and willingly consented to the aforementioned property tax."[5]  Peterson sent additional letters to the Board in December 2020 and January 2021 noting their failure to respond to him.  Finally, in May 2021, the Office of the Tax Collector of Dalton issued Peterson a notice of impending tax deed on his Harriman Road property, stating that, if Peterson did not complete a $4,161.55 payment for unpaid taxes, interest, and penalties by June 24, 2021, the Tax Collector would deed his property to Dalton.[6]

Peterson filed a § 1983 suit against the defendants in this court in July 2021.  He asserts two Fifth Amendment claims, arguing that the defendants denied him due process before determining that he owes a debt and threatened to take his property "without just

---

[2] Doc. no. 1-1 at 1.

[3] Id. at 3.

[4] Id.

[5] Id. at 5, 9.

[6] Id. at 33.

compensation."[7] He also asserts one Seventh Amendment claim, alleging that he has a right to a jury trial concerning his "alleged debt."[8] Peterson requests injunctive relief in the form of court orders requiring "Defendants to comply with" Peterson's aforementioned constitutional rights.[9] Peterson also seeks compensatory and punitive damages totaling $100,000,000. The defendants move to dismiss all of Peterson's claims.

### III. Analysis

The defendants argue that the court lacks subject matter jurisdiction over this suit under the TIA, which provides that federal "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "This legislation was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 522 (1981) (internal citations omitted). Since "[l]ocal taxes are imposed under authority of state law, . . . the [TIA] applies to" actions concerning both local and state taxes. § 4237 Tax Injunction Act of 1937, 17A Fed. Prac. & Proc. Juris. § 4237 (3d ed.). "As authoritatively construed, the TIA forbids not only injunctive relief, but also declaratory and monetary relief." Cumberland Farms, Inc. v. Tax Assessor, State of Me., 116 F.3d 943, 945 (1st Cir. 1997). Thus, if the TIA applies here, Peterson's suit must be dismissed in its entirety for lack of subject matter jurisdiction.

---

[7] Pl.'s Compl. (doc. no. 1) at ¶ 39.

[8] Id. at ¶ 45.

[9] Id. at ¶¶ 37(a), 41(a), 50(a).

To determine whether the TIA bars the court from exercising jurisdiction over this action, the court must first determine "whether the relief sought [by Peterson] would 'enjoin, suspend[,] or restrain the assessment, levy[,] or collection of any tax under State law.'" Direct Mktg. Ass'n v. Brohl, 575 U.S. 1, 7 (2015).  The Supreme Court has specified that the TIA does not bar federal court jurisdiction over "all activities that may improve a State's ability to assess and collect taxes." Id. at 11.  Rather, the TIA is specifically "keyed to the acts of assessment, levy, and collection themselves . . . ." Id. at 12.  Important here, in the context of the TIA, "collection" refers to the "act of obtaining payment of taxes due." Id. at 10.  And the terms "enjoin," "suspend," and "restrain," as they are used in the TIA, are synonymous and refer to stopping an activity. See id. at 13.

In this action, Peterson claims that the defendants, by imposing property taxes and seeking to collect on those taxes in part by threatening seizure of his property, are violating his Fifth and Seventh Amendment rights.  He seeks damages as well as injunctions that would grant him just compensation and some undefined procedural due process, including a trial by jury, prior to the imposition of the tax.  The requested relief places this case squarely within the domain of the TIA, as it seeks to "restrain," or stop, the Town's collection of Peterson's property tax by imposing nebulous (and baseless) procedural burdens on the defendants' execution of their statutory duty to collect taxes on the property within Dalton. See N.H. RSA 72:6 ("All real estate, whether improved or unimproved, shall be taxed except as otherwise provided.").

Peterson attempts to evade the TIA's reach by emphasizing that he does not seek to enjoin the collection of the property tax itself, but rather to enforce his due process rights. Further, he insists that he is willing to pay any tax that is "lawful," as he defines it.

Peterson cannot avoid dismissal under the TIA by asserting purported constitutional claims in this way. The TIA applies "in cases Congress wrote the Act to address, i.e., cases," like this one, " in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." Hibbs v. Winn, 542 U.S. 88, 107 (2004). "The TIA's ambit is not confined by the law under which a state tax is challenged, [and] even federal constitutional claims do not render the Act inapplicable." Scott Air Force Base Properties, LLC v. Cty. of St. Clair, Ill., 548 F.3d 516, 520 (7th Cir. 2008) (citing Schneider Transp., Inc. v. Cattanach, 657 F.2d 128, 131 (7th Cir.1981)). It follows that, regardless of the types of claims Peterson raises, the TIA applies here because Peterson seeks relief that would interfere with the defendants' routine tax collection process and "enabl[e] [Peterson] to avoid paying" the tax.[10] See Hibbs, 542 U.S. at 107. The TIA plainly seeks to limit federal district court jurisdiction over such a case in light of "the principles of federalism[] and in recognition of the imperative need of a State to administer its own fiscal operations." Rosewell, 450 U.S. at 522 (quoting Tully v. Grifin, Inc., 429 U.S. 68, 73 (1976)).

Having determined that this suit is subject to the TIA based on the relief Peterson seeks, the court now turns to the question of whether "a plain, speedy and efficient remedy may be had" in state court. This requirement is satisfied if state courts provide a "'full hearing and judicial

---

[10] In addition to the TIA, the doctrine of comity also bars the court from exercising jurisdiction over this action. "More embracive than the TIA, the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." Levin v. Com. Energy, Inc., 560 U.S. 413, 417 (2010). The Supreme Court has reasoned that such state taxation cases, whether for damages or injunctive relief, "would hale state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claim. We consider such interference to be contrary to '[t]he scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts.'" Fair Assessment in Real Est. Ass'n, Inc. v. McNary, 454 U.S. 100, 115-16 (1981) (quoting Matthews v. Rodgers, 284 U.S. 521, 525 (1932)).

determination' at which [the complainant] may raise any and all constitutional objections to the tax." Id. at 515.

New Hampshire state courts do "provide[] 'plain, speedy, and efficient' remedies for violations of federal rights arising from the levying and collection of state taxes . . . ." Nemetz v. Town of Sanbornton, No. 13-CV-10, 2013 WL 1049852, at *1 (McAuliffe, J.) (D.N.H. 2013) (citing Chasan v. Vill. Dist. of Eastman, 572 F. Supp. 578, 583 (Devine, J.) (D.N.H. 1983), aff'd, 745 F.2d 43 (1st Cir. 1984)). "In New Hampshire, the taxpayer may attack the constitutionality of the tax he challenges by means of declaratory judgment brought in superior court." Chasan, 572 F. Supp. at 583; see also McCann v. Silva, 455 F. Supp. 540, 543 (Devine, J.) (D.N.H. 1978) (citing Felder v. Portsmouth, 114 N.H. 573 (1974)). Alternatively, Peterson may raise constitutional challenges to the property tax to the State board of taxation, and subsequently appeal the Board's decision to the New Hampshire Supreme Court. See Chasan, 572 F. Supp. at 583. Notably, the plaintiff does not argue that there is any deficiency in the available state court remedies.[11]

The court lacks jurisdiction over Peterson's suit, as it seeks to "enjoin, suspend or restrain the assessment, levy or collection of [a] tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The court grants the defendants' motion to dismiss.

---

[11] The court recognizes that certain statutes of limitations may apply to the state court remedies listed here. To the extent that state court remedies are time-barred, that does not alter the court's finding that adequate state remedies exist as required under the TIA. "The expiration of time in which the state suit might have been brought does not result in the destruction of the plain and simple remedy principle specified in the [TIA]. To hold otherwise would allow any disgruntled taxpayer to simply wait until the statute of limitations had run in the state courts and then bring suit in the federal court." 423 S. Salina St., Inc. v. City of Syracuse, 566 F. Supp. 484, 492 (N.D.N.Y. 1983), aff'd, 724 F.2d 26 (2d Cir. 1983) (quoting Henry v. Metro. Dade Cty., 329 F.2d 780, 781 (5th Cir. 1964)).

## IV. Conclusion

For the reasons stated above, the defendants' motion to dismiss[12] is GRANTED. The clerk of the court shall close this case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: December 22, 2021

cc: David Peterson, pro se
Robert Joseph Dietel, Esq.

---

[12] Doc. no. 8.